*850
 
 PER CURIAM.
 

 Anthony M. McDonald (“the defendant”) appeals from an order denying his motion to correct judgment and sentence. We reverse.
 

 After the jury convicted the defendant of burglary, the trial court sentenced him to a ten-year prison term as a violent career criminal (“GORT”). Thereafter, the defendant moved for postconviction relief under Florida Rule of Criminal Procedure 3.850. The trial court denied the motion. The defendant timely appealed, and on remand from this Court, the State conceded error. The State then agreed to waive the GORT enhancement. In return, the defendant pleaded guilty, and the trial court sentenced him to time served. The trial court entered the sentence as a mitigation of the original sentence.
 

 Apparently, because the original sentence was not vacated, the defendant was required to register as a career offender.
 
 See
 
 § 775.261 (3)(a), Fla. Stat. (2009). Once the defendant became aware of the career offender registration requirement, he moved the trial court to correct the judgment and sentence. The trial court denied the motion, and the defendant has appealed.
 

 According to the career offender registration statute, a career offender released from incarceration after July 1, 2002, is required to register, unless his or her conviction has been set aside in a postconviction proceeding. § 775.261(3)(a)(2).
 

 Here, the record clearly shows that the State agreed to waive the GORT enhancement. As the trial court stated, this brought the defendant back to the trial posture. Thus, when the defendant entered his plea, he should have received a new sentence without requiring career offender registration.
 

 Accordingly, we reverse and remand for the trial court to enter a corrected judgment and sentence in accordance with this opinion.
 

 Reversed and remanded with instructions.